(55 N. W. Rep. 593.)

---

STATE *ex rel* DIEBOLD SAFE & LOCK CO. *vs.* F. O. GETCHELL.

Opinion filed April 25th, 1893.

**Mandamus—Illegal Claim.**

The writ of mandamus is never awarded to aid in the collection of an illegal claim.

**Expenditure in Excess of Revenue—Illegal.**

The county commissioners of Eddy County allowed the bill of the relator, and directed a warrant to be drawn therefor in payment for corridor and cells put up in the county jail by relator at the request of such board. The question of such expenditure was never submitted to the voters of the county, and the amount of such bill and proposed warrant was greater than could be paid out of the annual revenue of the county for the current year. The defendant as auditor, refused to attest and certify such warrant, and the District Court refused to award the writ of mandamus compelling him to do so. *Held,* that the ruling of the court below was proper, as the expenditure would have been illegal, under § 607, Comp. Laws.

**Assent of Voters—Benefits—Acceptance.**

The voters not having assented to such expenditure, the commissioners were without lawful authority to make the same, and hence their acceptance of the benefits would not operate to bind the county.

Appeal from District Court, Eddy County; *Rose,* J.

Application by the Diebold Safe & Lock Company for writ of mandate to Fred O. Getchell, county auditor of Eddy County. Application denied. Plaintiff appeals.

Affirmed.

*Edgar W. Camp,* (*E. B. Graves* of Counsel) for appellant.

Mandamus is proper remedy to compel auditor to sign and deliver a warrant. Merrill on Mandamus § § 126, 121; *Lachauce v. Auditor General*, 43 N. W. Rep. 1005; *State v. Tarpen, Auditor*, 1 N. E. Rep. 209. In issuing warrants the auditor acts ministerially. *State v. Ames*, 18 N. W. Rep. 277. The petition alleges that the cells and corridor were delivered to Eddy County. The contract was one the county had power to make, consequently even if the contract was not properly made, yet by user and acceptance the informal contract might be ratified. *Bank v. School Dist.*, 1 N. D. 479; *Bank v. School Dist.*, 6 Dak. 248, 19 Am. and Eng. Enc. Law 47, 15 Id. 1102.

*J. F. Keime*, for respondent.

The auditor must certify that the warrant has been issued "pursuant to law" and that "it is within the debt limit." The making of this certificate involves a judicial discretion. Section 187 Const. Debates Const. Con. 439-440. Where the act sought to be coerced by mandamus involves an examination, the exercise of judgment or discretion mandamus will not lie. *Peo. v. Supervisors*, 12 Johns. 414; *Peo. v. Auditor*, 10 Mich. 307; *Tilden v. Supervisors*, 41 Cal. 68; *State v. Judge*, 53 N. W. Rep. 433, 3 N. D. 43; High. Ex. Leg. Rem. 45 to 47, 24, 80; Merrill on Mandamus 112. There could be no ratification in this case § 3972 Comp. Laws. *Capital Bank v. School Dist.*, 1 N. D. 486, 494. A public corporation cannot be estopped by the void acts of its agents. Bigelow on Estoppel 530; *McPherson v. Foster*, 43 Ia. 48; *Schaffer v. Bonham*, 95 Ill. 368; *Ottawa v. Perkins*, 94 U. S. 260.

CORLISS, J. The appeal is from an order denying relator's application for a writ of mandamus to compel defendant, as auditor of Eddy County, to attest and certify a county warrant issued by the board of county commissioners, and signed by the chairman thereof. The relator did not secure, in the first instance, an alternative writ, but applied on notice for a permanent writ. The better and more regular practice is to obtain the alternative writ on an *ex parte* application. The alternative writ constitutes

both the process and the pleading in the special proceeding. But it cannot be doubted that there are precedents warranting an application for a peremptory writ on notice without the preliminary issue of the alternative writ, and our Code recognizes this practice. Sections 5520, 5521, Comp. Laws. Accompanying the notice of application for the writ was an affidavit, and in the notice it was stated that the relator would apply for a "writ of mandamus" upon the facts set forth in such affidavit. On the hearing a petition was also filed, embodying, in substance, the same facts embraced in the affidavit. In this petition there was a prayer for a peremptory writ of mandamus. The defendant filed an answer on the return day, and also an affidavit in which were set forth the same facts which were contained in the answer. The contention of the relator in this court is that he applied on this hearing for an alternative writ, and that the court erred in refusing to issue such writ. We do not so construe the record. It is apparent from the record that the parties intended to and did submit to the court all controverted questions of fact upon the pleadings and the affidavits, and upon admissions made in open court after the answer was filed. The order denying the application for the writ recites that there was a hearing of the relator's application for a writ of mandamus at a regular term of court, and that on this hearing these affidavits were read and filed, and that certain facts were admitted by the parties to the proceeding. Why these admissions were made, if the only object was to ask for an alternative writ, it is impossible to discover. The issues to be tried would be formed by the return or answer to the alternative writ, were it intended that such writ should be issued. Why, therefore, make admissions in the application for such a writ? The time for admissions, and the use of affidavits, would be upon the trial of such issues, after the alternative writ had been granted. What possible object could the relator have had in securing an alternative writ? To this writ the same answer would have been made, and the same issues would have been presented for trial which were already before the court for trial in this more informal

manner. Section 5520 of the Comp. Laws contemplates that there may be a trial of matters of fact upon the hearing, based upon notice, instead of upon an alternative writ. It provides that when the application is upon notice the peremptory writ may be issued in the first instance. But the peremptory writ will never issue so long as a material fact is in controversy; and if it may issue in the first instance, in such a case, it must be that the court has power, upon the hearing based upon notice, to try and determine all disputed matters of fact. There is no absolute right to a jury trial. The court, in its discretion, may order the issues to be tried before a jury. Section 5522, Comp. Laws.

As we are of opinion that the parties submitted the case on the merits, and that, therefore, the relator asked for a peremptory writ, the question arises whether the court was bound, in any view of the case, to award such peremptory writ. In deciding this question we must assume that the trial judge found in favor of the defendant any and all facts necessary to support his decision, of which there was evidence before him. The county warrant which the relator is seeking to compel the defendant to attest and certify as auditor was ordered to be drawn, by resolution of the board, in payment for jail cells and a corridor furnished during the year 1891 by the relator to Eddy County, and put in place by the relator, in the jail of such county, under a contract made in 1891 with the board of county commissioners of such county to pay therefor the sum of $1,785. In the answer it is alleged "that neither said sum of $1,785 alleged in the petition, nor any part of said sum, could be paid out of the current revenue of said county for said year 1891; that to pay said sum it was necessary to create an indebtedness." And in the defendant's affidavit used upon the hearing it is stated "that the current income of Eddy County in the year of 1891 was not large enough to pay the warrants drawn in that year, and the said county was at that time owing a larger sum of money on unpaid county warrants than one year's revenue of said county; that there was no money in the county treasury, then, out of which said so called

warrant could be paid; that said sum could not not be paid out of the annual tax; that said so called warrant created, or would create, an indebtedness that Eddy County could not possibly meet for more than one year from its date." The contract was made in October, 1891, and it was admitted upon the hearing that the queston of making such expenditure was never submitted to a vote of the people of such county. It is practically conceded that under these facts the contract is void, under § 607, Comp. Laws, unless the illegal action of the board of county commissioners in making this contract was subsequently ratified. But the court had no evidence of ratification before it. It is true that it is stated in the petition and affidavit of relator that the board of county commissioners accepted the work. But this does not constitute ratification. What the board could not do in the first instance, it could not thereafter make valid by ratification. The power must come from a higher source,—the vote of the people. It is not a case where there has been some irregularity in the exercise of a power vested in the board. It is a usurpation of power by the board which the legislature, in express terms, has withheld from the board, and vested in the people, and in the people alone. The people must ratify, because ratification presupposes power to do the act ratified. Mechem, Ag. § 121; *People* v. *Gleason,* (N. Y. App.) 25 N. E. Rep. 4; *Dickinson* v. *City of Poughkeepsie,* 75 N. Y. 65; *McDonald* v. *Mayor, etc.,* 68 N. Y. 23; *Capital Bank of St. Paul* v. *School Dist. No. 53,* 1 N. Dak. 479, 48 N. W. Rep. 363. There was no evidence that the people have ever taken any action pointing towards a ratification of this unlawful agreement. Under § 3972 "a ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified," except in cases where an oral authorization would have been sufficient. In such cases, and only in such cases, will the acceptance and retention of the benefits of the act, with notice thereof, constitute a ratification thereof. As the board of county commissioners could derive their authority to make such a contract only from a vote of the people, and not

from any oral authorization of the act, it is difficult to see how anything short of such a vote, or of an act of the legislature, can render the county liable on this contract.   Mere use of the property by officials should not be evidence of ratification.   The people cannot prevent such use, nor are they under obligations to take steps to prevent such use.   Neither are they required to cause to be removed from the county building, property which was placed there without their consent; such consent as evidenced by a vote of the people, being necessary to bind them.   The legislature has prescribed the mode of ascertaining their will towards such extraordinary expenditures.   It is by a vote of the people.   It would be a dangerous doctrine that any other conduct of the people would be sufficient evidence of their will as to such unusal expenditures, for it would be impossible to determine by any other test whether a majority of the people were desirous of incurring such a debt.   It is to such majority that the law confides the power, and the only safe rule to ascertain whether a majority of the people favor the project is by a popular vote.   In the following cases the defendants retained the benefits of the void contracts, and yet it was adjudged that there was no liability on that account:   *People* v. *Gleason*, (N. Y. App.) 25 N. E. Rep. 4; *Dickinson* v. *City* of *Poughkeepsie*, 75 N. Y. 65; *McDonald* v. *Mayor*, etc., 68 N. Y. 23.   The mere auditing of the claim by the board of county commissioners did not validate the contract. *People* v. *Gleason*, (N. Y. App.) 25 N. E. Rep. 4.   This case is very much in point on the merits of the case at bar.

It appearing from this record the warrant was issued to pay an illegal debt, and their being no evidence of ratification thereof, the defendant was fully justified in refusing to attest the warrant under § 187 of the state constitution.   See *State* v. *Hill*, 32 Minn. 275, 20 N. W. Rep. 196; High, Extr. Rem. § 40.   We do not wish to be understood as deciding that the illegality of this claim is finally settled, so far as the facts are concerned, the County of Eddy not being a party to this proceeding.

The order is affirmed.   All concur.