# KENMARE SCHOOL DISTRICT NO. 28, of Ward County, North Dakota, v. P. M. COLE, W. H. Makee, and S. H. Lowe.

(L.R.A.—, —, 161 N. W. 542.)

School district — officers of — contracts in behalf of — obligations in excess of debt limit — excess of power to levy taxes — contracts fully performed — construction and equipment of high school building — action by district — to hold officers personally liable — fraud — absence of.

1. The officers of a school district entered into contracts on behalf of the district involving obligations in excess of the debt limit and in excess of the power to levy taxes, which contracts were fully performed, resulting in the construction and equipment of a high school building and in the issuance and payment of warrants therefor. In an action brought by the school district against the members of the school board in which it is sought to hold them personally liable for the payments so made, held, that in the absence of fraud the defendants are not personally liable.

Contracts in excess of debt limit — result — valuable public improvement — within charter power to own and control — taxpayers — acquiescence in performance of contract — district retaining benefits — officers — action against — does not lie.

2. Where, as a result of contracts in excess of the debt limit, a school district is the recipient of a valuable public improvement which it was within its charter power to own and control, no action can be brought by the district against the officers whose action made the improvement possible where the taxpayers acquiesced in the performance of the contracts and the district retains the benefits thereof.

Opinion filed February 5, 1917.

Appeal from District Court of Ward County, *Leighton,* J.

Affirmed, Bruce, Ch. J. dissenting.

*John E. Greene, Palda, Aaker, & Greene,* for appellant.

There is nothing before the court to show wherein the rights of any defendant are or will be prejudiced because some person unknown has

Note.—As analogous to the above case and seemingly contrary to it see note in 27 L.R.A.(N.S.) 891, on maintenance of school as necessity which will justify school district in exceeding the debt limit, in which the cases discussed deny the power of school districts to enter into contracts which exceed the debt limit or the appropriations authorized, even for the purpose of keeping a school open.

not been made a party defendant. Until that appears in some way, an objection that there are insufficient parties defendant is not good.

Demurrer for nonjoinder of defendants is rarely sustained. Randall v. Johnstone, 20 N. D. 493, 128 N. W. 687.

The officers exceeded their powers and authority; and the contracts made by them for the erection of the high school building and its equipment created no obligation on the part of the school district. Comp. Laws 1913, § 2218.

In order to create an estoppel, the conduct of the school officers must have been within the scope of their power and authority. 28 Cyc. 465, 1603, ¶ 13; Detroit v. Detroit City R. Co. 60 Fed. 161; Bangor Twp. v. Bay City Traction & Electric Co. 147 Mich. 165, 7 L.R.A.(N.S.) 1187, 118 Am. St. Rep. 546, 110 N. W. 490, 11 Ann. Cas. 293.

Generally speaking, *ultra vires* contracts are void, and unenforceable. The exception to the rule which permits the enforcement of such contracts, which have been partly performed, is not recognized in cases where the power to make the contract does not exist under any circumstances, or is expressly forbidden by statute. Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa, 234, 91 N. W. 1081; Litchfield v. Ballou, 114 U. S. 190, 29 L. ed. 132, 5 Sup. Ct. Rep. 820; Thomas v. Richmond, 12 Wall. 349, 20 L. ed. 453.

The same principle is applied in another class of cases where estoppel has been applied or asserted as against public corporations, on the ground of acquiescence, laches, and waiver. Rice v. Chicago, B. & N. R. Co. 30 Ill. App. 481; People v. New York & H. R. Co. 45 Barb. 73; Underground R. Co. v. New York, 116 Fed. 952; St. Louis, A. & T. H. R. Co. v. Belleville, 122 Ill. 376, 12 N. E. 680; Denver & S. R. Co. v. Denver City R. Co. 2 Colo. 673; Com. v. Erie & N. E. R. Co. 27 Pa. 339, 67 Am. Dec. 471; Kavanagh v. Mobile & G. R. Co. 78 Ga. 271, 2 S. E. 636; Davis v. New York, 14 N. Y. 506, 67 Am. Dec. 186; Ashland v. Chicago & N. W. R. Co. 105 Wis. 398, 80 N. W. 1101; Cleveland v. Cleveland, C. C. & St. L. R. Co. 93 Fed. 113; New Castle v. Lake Erie & W. R. Co. 155 Ind. 18, 57 N. E. 516; Schumm v. Seymour, 24 N. J. Eq. 143; McGillivray v. District Twp. 96 Iowa, 629, 65 N. W. 974:

The mere fact in such cases that corporations receive and retain the benefits of such contracts does not estop them. Goose River Bank v.

Willow Lake School Twp. 1 N. D. 26, 26 Am. St. Rep. 605, 44 N. W. 1002; Capital Bank v. School Dist. 1 N. D. 479, 48 N. W. 363; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292.

In this class of expressly prohibited contracts the retention of the fruits of the contract does not subject the corporation to liability. Schumm v. Seymour, 24 N. J. Eq. 143.

The statute in question is penal in its nature.    St. Anthony & D. Elevator Co. v. Martineau, 30 N. D. 425, 153 N. W. 416.

*Francis J. Murphy,* for Cole and Lowe, respondents, and *Percy M. Clark,* for Makee, respondent.

Our Constitution provides a debt limit; it also provides that all property shall be taxed at its true value in money.    Const. ¶¶ 176, 183.

The statute upon which counsel rely as a basis for the liability of defendants was a part of chapter 126 of the Laws of 1897, which was strictly a revenue measure.    Comp. Laws 1913, § 2218.

The limitation upon the debt-creating power was designed for the protection of the taxpayers, and not for the protection of the school corporation, which is itself limited thereby.    The violation of such laws can only be urged by the taxpayers, and they have waived any rights which may have existed, because these contracts of which complaint is made were entered into in 1907, and have been fully paid.    Red River Valley Nat. Bank v. Fargo, 14 N. D. 93, 103 N. W. 390.

BIRDZELL, J.    This is an appeal from an order of the district court of Ward county sustaining a demurrer to a complaint.

The action was brought by a school district for the recovery from the defendants, who are former members of the school board, of various sums of money which were paid out by the treasurer of the school district on warrants approved by them.    The warrants were issued in fulfilment of certain contracts which are alleged to have been void by reason of the fact that they involved the creation of an indebtedness in excess of the debt limit and beyond the ability of the district to meet, by levying taxes within the maximum rate prescribed by § 2218 of the Compiled Laws of 1913.    The complaint alleges all facts necessary to show that the indebtedness created by the contracts referred to exceeded the debt limit and also the limitation of the power to levy taxes, and predicates the liability of the defendants upon the alleged wrongful issuance and

payment of the warrants required to discharge the obligations of the void contracts. The contracts alleged in the complaint were entered into to· secure the construction of a new high school building, and, while the complaint does not directly allege the performance of the contracts to the extent of showing that the building has been constructed and equipped and is being used by the district, the fair inference from the facts alleged is that the building has long since been completed and equipped, and is in use by the district.

The appellant's counsel relies upon § 2218 of the Compiled Laws of 1913 as establishing the proposition that the contracts made by the defendants for the building and equipping of the schoolhouse created no obligations whatsoever on the part of the school district, and from this premise he argues the payments made in pursuance of the contracts necessarily involved an illegal expenditure of public moneys such as would render the defendants personally liable for repayment to the district.

Section 2218 of the Compiled Laws of 1913, in so far as applicable to the appellant's contention, is as follows: "It shall be unlawful for any . . . officers of any school district . . . to contract any debt . . . for the payment . . . for which during the current year, or any subsequent year, it shall be necessary to levy on the taxable property of such . . . school district, a higher rate of tax than the maximum rate prescribed by law, and every contract made in contravention of the provisions of this section shall be utterly null and void in regard to any obligation thereby imposed on the corporation on behalf of which such contract purports to be made. . . ." It cannot be doubted that by reason of this statute the school district was not placed under any legal obligation to perform the contracts entered into by the school board in so far as their performance involved the necessity of levying taxes in excess of the maximum rate; neither can it be doubted that they were equally void to the extent that they created indebtedness in excess of the limitations prescribed by law; but in our opinion the test of the personal liability of the officers who acted on behalf of the corporation in entering into such contracts is not measured by the binding force of' the contracts or the absence thereof. The school district in its corporate capacity can only act through its individual officers, and in so far as the officers of the corporation in good faith and without fraud exercised

the powers vested in the corporation by law, they are not personally liable for their action. The defendants while acting in their official capacity did not purport to act individually, and could not, in the absence of statute, be held liable to those who dealt with the corporation. Neither could they, in our opinion, be held liable individually to the corporation on whose behalf they had purported to act, unless their actions were *ultra vires* the charter powers of the corporation, or unless they were guilty of fraud. The plaintiff claims neither in this case.

The appellant bases the liability of the respondents primarily upon an alleged breach of trust. The contention is that the officers of the corporation are, as such officers, invested with a public trust, and that the field of permissive action as such trustees is prescribed by the various statutes limiting their power to bind the corporation, and that any action in excess of such powers amounts to a breach of trust which renders the officers personally liable.

The fallacy of this argument is that it ignores the position of the beneficiary of the trust, namely, the corporation, or, in the last analysis, the individuals making up the corporation. If we pursue the analogy of the trust as it is administered in favor of individuals, the fallacy becomes apparent. Should the trustees of a trust for the benefit of a third person unlawfully invest trust funds in corporate stocks and the investment turn out to be a profitable one, it could not be contended that the beneficiary, while enjoying the benefits of the investment, could call upon the trustee to repay the money invested.

The plaintiff district is organized for the purpose of advancing the educational interests of the people residing in the district, and through the action of the defendants the people of the district are enjoying better educational facilities. The building belongs to the district and cannot be taken from it. Thus, while enjoying the fruits of the alleged breach of trust, the plaintiff contends for the right to recover moneys necessarily expended to procure these advantages, and claims that it must be returned to the treasury so that the district may have both the property and the money with which it was acquired. No authority with which we are familiar has gone far enough to sanction this method of enabling a municipal corporation to both have its cake and eat it.

It cannot be successfully contended that a remedy similar to that contended for in this case is necessary to protect a municipal corporation

from the extravagant action of its officers. The law is very prone to remedy excesses of official action when the interests of the taxpayers are involved, but it does not place a premium upon the quiescent indulgence of interested taxpayers by encouraging them to stand by and watch the expenditure of large sums in their behalf in the assurance that they can come into court later and secure the assistance of the law to make a public improvement on unintended private donation.

The judgment is affirmed.

Bruce, Ch. J. (dissenting). I am of the opinion that the demurrer should have been overruled.

The greater portion of the warrants issued were paid out of the treasury during the term of office of the defendants. Section 2218, Compiled Laws of 1913, rendered the contract absolutely void and a personal liability of the members of the school board alone. In issuing the warrants therefore, and in allowing them to be paid, they used their official positions in order to pay their own debts, and the case is no different than if they had drawn the money themselves from the treasury and then paid it over to the contractors. They are not sued on the contract, but for the conversion of the funds, and there is no doubt that those funds were converted.

Nor does any element of estoppel exist even though the building may have been afterwards used by the school district. Goose River Bank v. Willow Lake School Twp. 1 N. D. 26, 26 Am. St. Rep. 605, 44 N. W. 1002; Capital Bank v. School Dist. 1 N. D. 479, 48 N. W. 363; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292; Detroit v. Detroit City R. Co. 60 Fed. 161; Bangor Twp. v. Bay City Traction & Electric Co. 147 Mich. 165, 7 L.R.A.(N.S.) 1187, 118 Am. St. Rep. 546, 110 N. W. 490, 11 Ann. Cas. 293; Cedar Rapids Water Co. v. Cedar Rapids, 118 Iowa, 234, 91 N. W. 1081.

It is elementary, indeed, that a contract of a municipal corporation which is void at its inception cannot be validated by a subsequent ratification. Cedar Rapids Water Co. v. Cedar Rapids, and Goose River Bank v. Willow Lake School Twp. supra; Engstad v. Dinnie, 8 N. D. 1, 76 N. W. 292.

Nor is there any merit in the contention that the taxpayers alone are injured, and that the taxpayers alone may bring the suit. The money

was paid by the taxpayers into the treasury of the school district. It was there held as a trust fund. It was the duty of the district to conserve and properly use it. If one of its officers or all of its officers diverted it, it was still its duty to recover it and to keep it intact.

This is not a case like that of Red River Valley Nat. Bank v. Fargo, 14 N. D. 93, 103 N. W. 390, where it was held that a city could not refuse to redeem the warrants issued in payment of a public improvement on the ground that the debt incurred was beyond the constitutional debt limit and after the taxpayers had paid the taxes levied for the specific purpose without raising the question. That decision held that the taxes paid were a trust fund for the payment of the particular debt; that it was a special assessment; and that the parties assessed had, before the incurring of any liability, had the opportunity to be heard and to protest. Here a contract is let and a tax is levied without any such opportunity being given. It may well be that the taxpayers were willing to pay for the school the amount of the constitutional limit, but the complaint alleges that other school debts were left unpaid so that these warrants might be taken care of. It may be that they are still willing to pay for the building to the extent of that constitutional limit, but still to look to the personal liability of the school board for the balance or difference. Is there anything to prevent them from doing so?

As we understand the law, the contract was that of the defendants and of the defendants alone, and the building is practically theirs. It may be that they can recover from the district the reasonable value of the use thereof during the period it has been used, and it may be that they can sell it to the district for a price within the debt limit. The fact, however, remains that in paying for the same and in paying their own debt they wrongfully used the funds of the district, and are liable for their conversion. The taxes are paid in a lump sum and are levied in a lump sum, and are for general school purposes, and there is no presumption that, as in the case of the special assessment passed upon in the case of Red River Valley Nat. Bank v. Fargo, supra, the taxes were paid by the taxpayers for the express purpose of paying the debt imposed by the unlawful contract. It was a trust fund for lawful school purposes, to be lawfully expended, and it is the duty of the district to recover that which has been unlawfully paid out and to replenish that fund.