MYLES HENDERSON, O. M. Hector, Halfdan Hanson, Ed. J. Halpin, Tom Hector, and Emil Hector, Respondents, v. LONG CREEK SCHOOL DISTRICT NO. 2 OF DIVIDE COUNTY, NORTH DAKOTA, a Municipal Corporation, and Erick Knutson, Louis Miller, and O. M. Hector, as the School Board of Long Creek School District No. 2, Appellants.

(171 N. W. 825.)

**Schools and school districts — necessity of voters passing on building or improvements of school houses — effect of adverse vote.**

1. In an action to recover for labor and materials furnished, the complaint alleged that the plaintiffs erected a schoolhouse which was needed for the accommodation of the school children of the defendant district; and that such action was taken by plaintiffs following an adverse vote at two separate elections on the proposition of bonding the district for the purpose of erecting a schoolhouse to take the place of a building which had been condemned by the board of health; held, that the complaint does not state a cause of action.

**Schools and school districts — § 1184, Compiled Laws 1913, construed.**

2. Section 1184 of the Compiled Laws of 1913 authorizes boards of directors

---

NOTE.—On personal liability to public of school officers who pay out money in excess of debt limit, see note in L.R.A.1917D, 519.

of common school districts to erect schoolhouses only when directed to do so by a majority of the voters of the district.

**Schools and school districts — powers of school directors — authority must come from voters — district not liable when expenditure not properly authorized.**

3. Where a statute limits the powers of boards of directors of common school districts as to the erection of schoolhouses, and prescribes that such powers can only be exercised by first procuring authority from the voters, and where such board, not having obtained the requisite authority, refused to enter into a contract for the construction of a schoolhouse, the district is not rendered liable as upon contract by the acceptance of a building so constructed without authority.

Opinion filed March 6, 1919.

Appeal from District Court, Divide County, *K. E. Leighton,* J. Reversed.

*Fisk & Murphy,* for appellants.

The school boards have only such powers as are granted by statute. Comp. Laws 1913, § 1174; Kretchmar v. School Board, 34 N. D. 403; Capital Bank v. School Dist. 6 N. D. 288, 42 N. W. 774; Farmers & M. Bank v. School Dist. 6 N. D. 255, 42 N. W. 767; 35 Cyc. 849, 925; State ex rel. Diebold Safe & Lock Co. v. Getchell, 3 N. D. 243.

Ratification presupposes the power in the board to make the original contract, and that body having no such power, there is no question here of ratification. Engstad v. Dinnie, 8 N. D. 1; Storey v. Murphy, 9 N. D. 115; Roberts v. Fargo, 10 N. D. 230.

*Geo. P. Homnes,* for respondents.

The school district could authorize the building of the schoolhouse, and it could ratify what it could authorize. McGillivary v. Joint School Dist. 112 Wis. 358, 58 L.R.A. 100, and cases there cited. Mills v. Gleason, 11 Wis. 470; Kane v. School Dist. 52 Wis. 502, 9 N. W. 459; Nevil v. Clifford, 63 Wis. 435, 24 N. W. 65; Koch v. Milwaukee, 89 Wis. 220, 62 N. W. 918; Carbon County School Dist. v. Western Tube Co. 13 Wyo. 304, 80 Pac. 155; 35 Cyc. 973.

A municipal corporation may be held for benefits received although the contract through which the benefits were received is void. Livingston v. School Dist. 76 N. W. 301; People's Bank v. School Dist. 3 N. D. 496, 67 N. W. 787; 35 Cyc. 926.

41 N. D.—41.

A school district may become bound by an implied contract where it received and retains money and property. Kenmare School Dist. v. Cole, 36 N. D. 32, 161 N. W. 542; Davis v. School Dist. 45 N. W. 989; 35 Cyc. 962, 963, 964; Brown County School Dist. v. Sullivan, 48 Kan. 624, 29 Pac. 1141; Board of Education v. Carolan, 182 Ill. 119, 55 N. E. 58; Nichols v. Pierce County School Dist. 39 Wash. 137, 81 Pac. 325; Clark School Twp. v. Home Ins. Co. 20 Ind. App. 543, 51 N. E. 107; Fisher v. Attleborough School Dist. 4 Cush. 494; Springfield Furniture Co. v. Faulkner County School Dist. 67 Ark. 236, 54 S. W. 217; Richards v. Jackson School Twp. 132 Iowa, 612, 109 N. W. 1093; Andrews v. School Dist. 37 Minn. 96, 33 N. W. 217; Keyser v. Sumapee Dist. 35 N. H. 477.

BIRDZELL, J. This is an appeal from an order entered in the district court of Divide county overruling a demurrer to the complaint. The complaint purports to allege a cause of action for the reasonable value of materials and labor supplied by the plaintiffs in erecting a schoolhouse in the defendant district under circumstances alleged in the complaint. Aside from the formal allegations of the corporate character of the district defendant, and of the official relation of the individual defendants, as members of the board of the defendant school district, the complaint alleges that the plaintiffs are residents, taxpayers and electors of the defendant district; and that each of them has children of school age attending school therein. That there are three schoolhouses situated in the defendant district; that the plaintiffs reside in territory adjacent to one of said schoolhouses in which there are not less than twenty-three children of school age attending; that prior to the school year 1916–17, the schoolhouse was in a bad state of repair, and so poorly lighted, heated, and ventilated as to be a menace to the health of the children in attendance, and an unfit place in which to hold school. That in June, 1916, complaint of the condition of the building was made to the county board of health; that the county board of health upon investigation condemned it and ordered its use as a schoolhouse to be discontinued. That in July, 1916, an election was held at which the proposition of bonding the district for the purpose of erecting and building a schoolhouse was submitted and defeated, which election was followed by two successive elections with similar results.

That the school board of said district refused to build a schoolhouse without the sanction of the voters, a majority of whom reside in the vicinity of and patronize the other schools in the district. That as the time approached for the beginning of the term of school, the schoolhouse had not been repaired, and no orders had been made for its repair, nor any provision made for a school for the pupils adjacent to the schoolhouse in question; that by reason of this condition and for the best interests of themselves and the school district, the plaintiffs did undertake to and did build and erect a schoolhouse on said site, furnishing all the material necessary therefor, except that all the material of said old schoolhouse was carefully conserved and used in the new, and furnishing and employing all of the labor necessary and requisite for building, erecting, and completing said schoolhouse; also that they furnished the necessary equipment of furniture and fixtures for properly heating, lighting, and ventilating the same; that said schoolhouse was so built and erected in accordance with the plans and specifications prepared therefor and submitted to and approved by the county superintendent of schools of Divide county in accordance with the laws made and provided. It is further alleged that it was the duty of the defendant school district to provide a proper and adequate schoolhouse, and that there was no reason for the voters to refuse to vote bonds; that the district was solvent and financially able to provide a schoolhouse; that the plaintiffs felt it to be their moral duty to provide an adequate schoolhouse. That the total cost of the same was $2,228.88. It is also alleged that the defendants did not oppose the building and equipment of the school by plaintiffs, but, on the contrary, they accepted the schoolhouse and adopted it, and immediately occupied the same.

The sole question for consideration is the legal sufficiency of the complaint. It is of course clear that the complaint does not state a cause of action upon an express contract for the building of the school. If any cause of action is alleged, it is upon a contract which the law would imply upon these circumstances. It is elementary that a school board has only such authority as the statute confers upon it. The authority to build a schoolhouse in a common school district can only be conferred by the voters of the district. Section 1184, Compiled Laws 1913, provides that "whenever in the judgment of the board it is desirable or necessary to the welfare of the schools in the district, or to pro-

vide for the children therein proper school privileges or whenever petitioned to do so by one third of the voters of the district, the board shall call an election of the voters in the district at some convenient time and place fixed by the board, to vote upon the question . . . of the erection, . . . of a schoolhouse."

It will be noticed that the duty of the board to call an election is mandatory and that the statute gives the board no authority to proceed in case of an adverse vote; nor is any such authority conferred upon the minority of the voters. This statute is clearly a limitation upon the powers of the board and, without first procuring authority from the voters in the manner provided by statute, it would be impossible for the board of directors to enter into a contract that would bind the district. See 35 Cyc. 925. It follows necessarily from this limitation upon the power to contract expressly that the same limitation is applicable to the power to bind the district by an implied contract. The board cannot by subsequent ratification bind the district to an obligation that they are precluded from contracting in advance, except upon prescribed conditions. Otherwise those conditions could be obviated in every case by the simple expedient of a ratification, and the statute would thereby be circumvented and rendered nugatory. If the result is deemed unfortunate in a particular case it is so by reason of the statute, and the courts have no power to amend it. That a ratification cannot be made the basis of a liability greater than can be expressly contracted in advance, see Capital Bank v. School Dist. 1 N. D. 479, 48 N. W. 363.

This case is clearly distinguishable from the case principally relied upon by the respondents,—Kenmare School Dist. v. Cole, 36 N. D. 32, L.R.A.1917D, 516, 161 N. W. 542, where it was held that a school district could not recover from its officers money expended by them in liquidating a contract in excess of the debt limit, it appearing that the money expended had been paid for a building which was used by the district in performance of its legal functions. In fact counsel does not contend that the case is in all respects parallel. Neither is the case parallel with that of Eastgate v. Osage School Dist. ante, 518, 171 N. W. 96, recently decided by this court, where quasi contractual liability was predicated upon the plaintiff's performance of a statutory duty owing to the plaintiff himself, and where evidence was offered tending

to show that the district had adopted a legal measure for determining this obligation.

We are of the opinion that the complaint does not state a cause of action, and that the demurrer should have been sustained.

Order reversed.

CHRISTIANSON, Ch. J. (concurring specially.) I concur fully in the opinion prepared by Mr. Justice BIRDZELL. The principles announced therein are in accord with the views which I advanced in my dissenting opinion in Eastgate v. Osage School Dist. ante, 518, 171 N. W. 96.