[File No. 6049.]

CATERPILLAR TRACTOR COMPANY, a Corporation, Appellant,
v. DETMAN TOWNSHIP of the County of Morton, State of
North Dakota, a Public Corporation, Respondent.

(244 N. W. 876.)

Opinion filed August 12, 1932.

*Lawrence, Murphy, Fuller & Powers,* for appellant.

*Sullivan, Hanley & Sullivan,* for respondent.

GRIMSON; Dist. J.   The plaintiff brings action to recover from the defendant Detman township $1,368 with interest at 6 per cent from June 29, 1926 and for its cause of action in its complaint, after alleging that it is a foreign corporation, the assignee of all the assets of the Russell Grader Manufacturing Company and that Detman township is a public corporation, states that prior to the 12th day of June, 1926, the defendant Detman township, acting by and through its board of township supervisors duly convened in meeting, authorized and directed the clerk of said township to purchase certain bridge material for two complete bridges with I beams thirty feet long.   Plaintiff admits, however, that no formal written minutes or records of the holding of such meeting of the board of supervisors was made but alleges that thereafter and on the 12th day of June, 1926, the township clerk and all members of the said township board duly elected, qualified and acting, subscribed in writing a certain order directed and thereafter delivered to the Russell Grader Manufacturing Company wherein and whereby the said public officers in their official capacity ordered and agreed to

purchase the said bridge material. Then plaintiff alleges that the Russell Grader Manufacturing Company received and accepted the order and in accordance therewith shipped to the defendant the said bridge material; that in July the said township, acting by and through its members of the board of supervisors, received and accepted the said bridge material from the Northern Pacific Railway Company at Judson in said township and by and through certain employees and laborers of said township caused the said bridge material to be taken and removed to two bridge sites in the said township at distances of three and four miles, respectively, from the town of Judson in said township and thereafter at the location of two dry gulches intersecting a public highway within said township said board of supervisors caused said bridge material to be erected into two bridges, completed by concrete abutments and a concrete floor and the fastening together in place of the various parts and pieces of the bridge material aforesaid. Then plaintiff further alleges that the said highway is and was a public highway within the control of and maintained by said Detman township and that the purchase of the said material and the use thereof for the erection of permanent bridges upon said highway has been duly ratified by the board of supervisors of said township and that said township at all times since the 1st day of August, 1926, has taken and retained the benefit and use of said material and plaintiff avers the said township is estopped to claim or allege any irregularities in the purchase of the same. Plaintiff claims that the reasonable value of the bridge material at the time of the receipt and taking by the same by defendant was $1,368 and claims the defendant is indebted to the plaintiff in that sum. It is also alleged that prior to the commencement of the action a claim was duly filed for that amount with the township board and rejected.

To this complaint the defendant demurs on the ground that the same does not state facts sufficient to constitute a cause of action.

The lower court sustained the demurrer and allowed the plaintiff fifteen days in which to serve and file an amended complaint. From that order the plaintiff appeals, assigning as error the making and entry of the order sustaining the demurrer.

It appears that the sole question for decision in this court, upon this state of the pleadings, is whether the facts as alleged in the complaint

show authority in the township board to order the bridge material and built the bridges in question. If there is such authority then having received the material, built the bridges for a legitimate municipal purpose and used the same, the township must pay the reasonable value thereof, even if there were irregularities in entering into and carrying out the contract for said bridge material. Backhaus v. Lee, 49 N. D. 821, 194 N. W. 887.

In support of the demurrer it is argued that because of section 1951, 1925 Supplement, there is no authority in the township to build a bridge costing more than $100; section 1951 provides: "Whenever a majority of the freeholders of a civil township or a majority of the freeholders living within a radius of three miles of the proposed location, shall petition the board of county commissioners for a bridge at a specified location within such township, . . . when the cost of such bridge shall exceed the sum of $100, it shall be the duty of the board of county commissioners to view and investigate the necessity of such proposed bridge;" and if the board approves it shall proceed with the advertisement, it shall make the necessary plans and specifications, call for bids and proceed with the erection of the bridge and § 1952 provides for the paying for such bridge out of the county bridge fund. It is claimed that these statutes clearly show intention of the Legislature to place the building of bridges costing more than $100 within the exclusive jurisdiction of the county commissioners and further that the Supreme Court of Kansas in the cases of Pleasant View Twp. v. Shawgo, 54 Kan. 742, 39 Pac. 704, and Salt Creek Twp. v. King Iron Bridge & Mfg. Co. 51 Kan. 520, 33 Pac. 303, had so held in construing a similar statute. Investigation shows, however, that the Kansas statute, construed in those cases, is different. Chapter 16 of the General Statutes of Kansas 1889 provides for the building of bridges and § 1 of article 1 thereof (¶501) provides: "The county commissioners of each county shall determine what bridges shall be built and repaired at the expense of the county, and what by the road district." Section 2 (¶ 502) provides that if the board of county commissioners is of the opinion that the bridge is necessary and the estimated expense of building exceeds $200 they shall determine in what manner and of what material the same shall be built. Section 3 (¶ 503) provides for an appropriation by the county commissioners. Section 4 (¶ 504)

reads: "If the estimated cost of building a bridge shall be two hundred dollars or less, then the fact shall be certified to the overseer of the road district in which the bridge is to be built, and the county com-missioners shall not make any appropriation therefor."

It is clear that under these statutes the only authority the township has for building bridges is when the cost is under $200 and it has been so certified to the overseer of the road district by the county commis-sioners.

Section 1951 makes no reference to township bridges, it merely pro-vides for the jurisdiction of the board of county commissioners for building bridges upon the necessary petition when the cost is over $100, and nothing therein makes such jurisdiction exclusive in the county commissioners.

Other provisions of the Code give to the townships and supervisors thereof certain authority and duties with regard to bridges. Section 2151, 1925 Supplement, provides: "The electors of each township have power at the annual meeting to vote to raise such sums of money for the repair and construction of roads *and bridges*, . . . as they deem expedient; . . . provided, further, that the amount of tax for road purposes shall not exceed eight mills, and *for bridge purposes shall not exceed four mills*." Section 2148, Comp. Laws 1913 provides that all township levies shall be in specific amounts and certified to the county auditor before July 12th each year. Section 4088 of the 1925 Supplement provides: "The electors of each township have power at the annual township meeting: . . . 8. To ratify or reject recom-mendations offered by the township board of supervisors for the ex-penditure of funds for the purpose of purchasing building sites and purchase, location, erection or removal of any building *or erection for township purposes;* provided, that no such recommendation shall be adopted otherwise than by a two-thirds vote of the electors present and voting at any annual township meeting." Section 4192, Comp. Laws 1913, provides that the board of supervisors "may recommend to the electors of their township the expenditure of a stated amount for the purpose of purchasing building sites and purchase, erection, location or removal of any building, or erection for a town hall, library building or *other erection for use and benefit of said township.*" The same section also provides that the supervisors shall have power to draw orders on

470

the township treasury, "for the disbursement of such funds as may be necessary for the purpose of defraying the incidental expenses of the township and for all monies *raised by the township to be disbursed for any other purpose.*" Section 1977 gives the supervisors the care and superintendence of roads and bridges therein and make it their duty to inspect roads and bridges and to make plans and specifications of all bridges and culverts to be constructed. Then they are to make a report of such culverts and bridges, as well as road work performed, to the annual township meeting. Section 4265 gives the several township boards general supervision of the roads, highways and bridges throughout their several townships. Section 1990M provides for the appointment by the township board of supervisors of an overseer of highways and gives such overseer charge of the "construction and maintenance of all highways and *township bridges.* in the township whether the work done on same is done by contract or day labor."

Considering all these provisions of the Code together we construe them to mean that there is power in the township to build bridges in the township but such power must be exercised by the electors and the levy therefor not exceed the rate provided by law, that the actual construction is to be carried on under supervision of the town board in accordance with the authority received at the annual township meeting.

There is no allegation in the complaint in the case at bar that the electors of Detman township, at the annual meeting, authorized the construction of the bridge in question nor made a levy therefor. The allegation in the complaint is that the board, at a meeting called therefor, authorized and directed the clerk to purchase the bridge material but plaintiff admits that no formal minutes or records of the holding of said meeting was ever made. Thereafter the clerk and the members of the board signed an order for this material. The question arises whether such action of the board is valid exercise of the power of the township to build bridges.

In the case of F. C. Austin Mfg. Co. v. Twin Brooks Twp. 16 S. D. 126, 91 N. W. 470, the Supreme Court of South Dakota lays down the following rule: "Under the theory of township government in this state, substantially all the power pertaining to the government of the town rests with the electors of the township, to be exercised by them, either at their annual meeting in March, or at a special meeting called .

in the manner prescribed by law. The powers conferred upon the township supervisors are limited, and, as was said by this court in Aldrich v. Collins, 3 S. D. 154, 52 N. W. 854, 'Town supervisors are agents of the town, and possess only such powers as are expressly conferred upon them by statute, or as are necessary to enable them to perform the duties imposed by law.' "

This court has held that where a vote of the electors is necessary to authorize the county commissioners to enter into a contract for certain purposes and to incur as indebtedness therefor the county commissioners, acting without such authorization, are without power to enter into such a contract or incur any liability therefor and the county is not liable, even for the benefits received. State ex rel. Diebold Safe & Lock Co. v. Getchell, 3 N. D. 243, 55 N. W. 585; Capital Bank v. School Dist. 1 N. D. 479, 48 N. W. 363; Henderson v. Long Creek Dist. 41 N. D. 640, 171 N. W. 825. The holding and reasoning in these cases is applicable under our statutes governing township supervisors. They possess no general authority to contract on behalf of the township. They are limited by the statutes and the authority conferred upon them by the electors of the township. They are but agents of the township and contracts made by them, without authority of the town meeting or of statute, are absolutely void. Their authority should be strictly construed and all persons dealing with them are presumed to have notice of their limited authority. 26 R. C. L. 799; 38 Cyc. 638; Hubbard v. Williamstown, 66 Wis. 551, 29 N. W. 393; Van Antwerp v. Dell Rapids Twp. 5 S. D. 447, 59 N. W. 209.

Any other construction would remove all restraint from the board of supervisors and allow them to contract for improvements and bind the township without restriction. It would allow, as appears to have been the case here, a solicitor to get the town boards together and get their name on an order without the electors ever having considered the improvement. It would make the board of supervisors absolute in such matters.

Neither can such void contract be ratified by acceptance or use of the improvement or by anything short of a vote of the electors themselves. State ex rel. Diebold Safe & Lock Co. v. Getchell, 3 N. D. 243, 55 N. W. 585; Hubbard v. Williamstown, 66 Wis. 551, 29 N. W. 393;

Capital Bank v. School Dist. 1 N. D. 479, 48 N. W. 363; Henderson v. Long Creek School Dist. 41 N. D. 640, 171 N. W. 825.

The facts set out in the complaint do not show a case where the authority rested in the board of supervisors and the contract was irregularly entered into (Backhaus v. Lee, 49 N. D. 821, 194 N. W. 887, supra), but rather a case where the contract was entered into without any authority. State ex rel. Diebold Safe & Lock Co. v. Getchell, 3 N. D. 243, 55 N. W. 585; Henderson v. Long Creek School Dist. 41 N. D. 640, 171 N. W. 825, supra. The complaint therefore fails to state a cause of action and the decision of the lower Court, sustaining the demurrer, is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE and BURKE, JJ., concur.

BURR, J., did not participate; Hon. G. GRIMSON, Judge of the Second Judicial District sitting in his stead.