## Peters v. Horn, et al.

## Peters v. Garnett, et al.

(Decided June 19, 1925.)

## Appeals from Perry Circuit Court.

1. Municipal Corporations—Contractor Held Entitled to Recover Penalty for Nonpayment of Cost of Street Improvement.—Contractor held entitled to recover in his own name 10 per cent penalty provided by Kentucky Statutes, section 3563, from property owners failing to pay their share of cost of street improvements. as required by Kentucky Statutes, 1922, section 3575, in view of section 3574, authorizing actions to enforce collection of apportionment for street improvements, to be brought either in name of city or contractor entitled thereto.

2. Municipal Corporations—Collection of Taxes for General Fund, Under Guise of Street Assessment, Unauthorized.—City has no authority to collect taxes for its general fund, under guise of street assessments.

WOOTON, SMITH & WOOTTON for appellant.

MORGAN, EVERSOLE, and BROWNING for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

The two above styled appeals have been consolidated and will be disposed of in one opinion. They present a single question. The city council of the city of Hazard, in Perry county, a city of the fourth class, ordered certain of its streets improved at the exclusive cost of the abutting property owners. The appellees in these two appeals, who own property on those streets, failed either to settle their proportionate part of the cost of the street improvement in cash or to accept the ten-year payment plan provided for by that section of the statutes within the thirty day period by section 3575, Carroll's Kentucky Statutes, 1922. Thereupon, appellant, R. L. Peters, the contractor who had constructed the streets, instituted actions to recover from them their proportionate part of the cost of the street improvement, together with the ten per cent penalty provided for by section 3563, Kentucky Statutes. Upon the trial of the case the chancellor adjudged appellant to be entitled to all the relief sought by him save the ten per cent penalty, with

reference to which it was adjudged that the contractor was not entitled to recover. It was held that the ten per cent penalty provision was unconstitutional; but further that if the city had been plaintiff it might have recovered the penalty but that the contractor could not recover. Appellant Peters has appealed from that portion of the judgment and the appellees have not prosecuted a cross-appeal. So that the only question presented is whether or not the contractor suing on the apportionment warrants may recover the ten per cent penalty.

In Davis v. McDonald, 200 Ky. 828, the constitutionality of the statute in question, providing that if the improvement tax be not paid within thirty days after due a ten per cent penalty should be added, was upheld. The chancellor did not have the advice of that opinion when these cases were tried as it was rendered subsequent to the rendition of the judgments herein.

It seems to the court that the chancellor was in error in holding that the city might have recovered the ten per cent penalty, but that the contractor suing on the apportionment warrants could not do so. Section 3574, Kentucky Statutes, among other things, provides that actions to enforce the collection of the apportionment for street improvements may be brought either in the name of the city or of the contractor entitled thereto. When such actions are brought in the name of the city they are for the use and benefit of the contractor. The entire scheme of street improvement at the expense of the abutting property owners found in charters of cities of the fourth class was devised to relieve the city of all liability and to fasten upon the abutting property owners full liability for street improvement. Nothing required to be done by the city in enforcing the assessments is for its pecuniary profit. The legislature doubtless had in mind in providing the ten per cent penalty that most of our cities number among their inhabitants a class of people who during the war period came to be known as "conscientious objectors" or "constructive critics." Knowing that that class of people would doubtless resort to the courts to test the validity of all ordinances decreeing street improvement at their expense, the legislature evidently had in mind in providing the ten per cent penalty that it would permit them to pay for the privilege. Unless some such provision had been made contractors bidding for street improvement work would have

had to take into account the fact that such citizens would in all likelihood resist payment of their assessments and to add the cost of prospective litigation to the amount of their bids.' Seeking to protect those who fell in with the city's plans for improvement and meet their obligations under the plan promptly, the ten per cent penalty provision of section 3563, *supra,* was provided so that the cost of prospective litigation might fall only on those instituting it. It readily becomes apparent that the chancellor was in error in holding that the city may collect the ten per cent penalty while the contractor may not, when we consider that if the city should recover this penalty, it could use it for no purpose save to pay the contractor. The city has no authority to collect taxes for its general fund under the guise of street assessments. In an action in the name of the city the recovery would be for the benefit of the contractor. The statute authorizes the action either in the name of the city or in the name of the contractor. We, therefore, conclude that appellant, the contractor, suing in his own name in these two cases, was entitled to recover the ten per cent penalty.

Wherefore, the judgment herein is reversed and this cause remanded with direction that a judgment in conformity with this opinion be entered.