# City of Paducah v. Koller Plumbing Company.

(Decided May 10, 1927.)

## Appeal from McCracken Circuit Court.

1. Municipal Corporations.—City cannot issue bonds to pay plumbing company for constructing sewers, unless based on taxes to be collected from those who have accepted 10-year payment plan, in view of Ky. Stats., sections 3101, 3102, 3105, so that bonds cannot be issued against property of those who neither paid cash nor accepted 10-year payment plan.

2. Municipal Corporations.—Where ordinance under which sewers were constructed provided that contractor should be paid only from funds arising from special tax assessments, ordinance and statutes covering such matter must be treated as part of contract.

3.  Municipal Corporations.—Plumbing company, constructing sewers
    under contract for payment in 60 days after acceptance of work,
    cannot be compelled to accept delinquent claims against property
    owners who neither paid assessments nor accepted 10-year pay-
    ment plan, but city will be given extension of time to collect such
    claims and pay cash.

A. Y. MARTIN for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

In 1925 the city of Paducah, a municipal corpora-
tion of the second class, made a contract with appellee,
Koller Plumbing Company, for the construction or plac-
ing of certain sewers in sewer zone No. 5 in said city.
The work was completed in accordance with the contract,
and the amount which appellee was entitled to receive as
compensation for the work was $137,284.56. The cost of
the construction was apportioned as provided by law, and
the property owners were given 30 days thereafter in
which to pay the cost of the improvement assessed
against their individual properties, or to accept the pro-
visions of the 10-year payment plan. Before the expira-
tion of the 30 days property owners paid in satisfaction
of the assessment the sum of $52,864.35, which amount,
less $4,321.96, was paid to appellee. This payment left
a balance of $88,922.17, which was not paid in cash by
the property owners within 30 days after the passage of
the ordinance apportioning the cost.

Property owners against whom an assessment of
$77,377.19 had been made accepted the 10-year payment
plan, and property owners against whom assessments
had been made amounting to $11,544.98 neither paid in
cash nor accepted the 10-year payment plan. Having
failed to do either under the law, they became liable for
the full amount of the assessment, with interest and
penalties thereon. The controversy is over this $11,-
544.98. The appellee is willing to accept the bonds issued
to the extent of $77,377.19, but has refused to accept the
delinquent tax bills to the extent of $11,544.98.

The contract which was entered into between the
city and appellee contains a provision that appellee will
be paid in cash and in bonds. That some of the property
owners might become delinquent appears to have been
overlooked in the preparation of the contract, and that

has brought about the controversy. There can be no doubt that the contract provides that the full contract price shall be paid in bonds or cash within 60 days after the acceptance of the work. The contract also provides that the city will issue improvement bonds under the 10-year plan for the balance due after the cash payments have been made, but the city cannot issue improvement bonds against the property of those who neither paid cash nor accepted the 10-year payment plan. The authority to issue bonds is found in section 3105, Ky. Stats., and there is a provision in that section that the bonds shall be issued in all respects in the manner and of the same effect as provided in sections 3101 and 3102, Ky. Stats., relating to the improvement of streets on the 10-year plan. Section 3101 contains a provision that the city shall not be liable to any person on account of its failure to collect local taxes after such bonds have been issued, but it does provide for the payment of a deficit out of the general fund. We do not believe that section 3101 or 3102, Ky. Stats., allows the city to issue bonds except based on the taxes to be collected from those who have accepted the 10-year payment plan. The ordinance under which the sewers were constructed provides that the contractor shall be paid only from funds arising from the special tax assessments.

The ordinance and the statutes covering this matter must be treated as a part of the contract which was entered into between the city and appellee. The surrounding circumstances at the time the contract was made must be considered. It is true the city agreed to pay in bonds and cash, and it is also true that such payment was to be made with 60 days after the completion and acceptance of the work. It was also contemplated that these payments must be made out of the funds arising from the special tax assessments. It developed that the city could not make payments in cash or bonds within 60 days, but, as it must make payment in cash or bonds, and can only make payment out of the special fund arising from the special tax assessments, it appears that something must give way; that is, there must be such a construction placed on the contract as will enable a substantial compliance therewith. This may be done by extending the time of the cash payment for more than 60 days as to the amount due from delinquents who neither paid cash nor accepted the 10-year payment plan.

We have reached the conclusion that the lower court was correct in holding that the balance due appellee, to wit, $88,922.17, should be paid by the city in cash or in bonds issued under the provisions of sections 3101 to 3105, Ky. Stats.; that the court was also correct in holding that the city should issue improvement bonds in the sum of $77,377.19, and no more, as this represents the special assessments against property owners who accepted the 10-year payment plan; that the court was also correct in holding that appellee cannot be compelled to accept the delinquent claims against property owners who did not accept the 10-year payment plan, which claims amount to $11,544.98; that the court was also correct in holding that appellee should be paid $77,377.19 in bonds, and the balance now due in cash, less the amount which had been previously paid. It would appear, therefore, that the lower court was correct in so far as the questions presented were decided, but the main question appears to have been left open, and the judgment of the lower court, literally construed, would mean that the city must now pay the balance, that is, $11,544.98 in cash, and to that we cannot agree. This sum must be paid in cash, but the date of the payment must be extended beyond the period of 60 days. By extending the period of payment until the city can collect from the property owners the sum so due, the contract is capable of enforcement without disturbing any other provision. It is our conclusion, therefore, that the city should proceed to collect the delinquent claims, and pay over the amount so collected to appellee, including penalties and interest. The proceedings should be the same as discussed in the cases of Peters v. Horn and Peters v. Garnett, 209 Ky. 688, 273 S. W. 519, and Davis v. McDonald, 200 Ky. 828, 255 S W. 833. It is incumbent on the city to proceed with the collection of these claims expeditiously and to turn over the money as collected, but the city shall not be responsible for any part of said special assessments not collected.

The judgment is reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.