## MAGNOLIA PETROLEUM CO. v. STATE.

No. 25336.   Nov. 26, 1935.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for plaintiff in error.

Sebe Christian, Co. Atty., Edwin A. Ellinghausen, and Tom Wallace, for defendant in error.

BUSBY, J. This is a proceeding to assess alleged omitted personal property belonging to the Magnolia Petroleum Company. It originated before the county treasurer of Creek county. The decision of the county treasurer was adverse to the property owner, which perfected an appeal to the county court of Creek county, where, on trial de novo, that court found:

"That for the years 1926 to 1931, inclusive, that the defendant had in Tiger and Shannon townships, school district U. G. 5, Tiger 39, Tiger 20 and Tiger 102, in Creek county, Okla., the following property omitted from taxation, to wit:

"9¾ miles four-inch fuel line at 17½c per foot, value per year, $9,009.00.

"3 miles two-inch fuel line at 5c per foot, value per year, $792.00.

"6 miles five-inch fuel line at 25c per foot, value per year, $7,920.00.

"2 miles six-inch fuel line at 25c per foot, value per year, $2,640.00, amounting to a total value of $20,361.00 per year, or a total

for the years 1926 to 1931, inclusive, of $122,166.00"

—and that the property owner also had:

"Omitted property located in Shannon township, school district U. G. 5, located in Creek county, Okla., described as follows, to wit:

"3¾ miles six-inch fuel line at 25c per foot, value per year, $4,911.00, or a total valuation for the years 1928 to 1931, inclusive, of $19,644.00."

The trial court also decided:

"That the fuel lines and/or fuel lines so assessed, as omitted property, for the years 1926 to 1931, inclusive, were used principally for the purpose of marketing fuel, by the defendant, Magnolia Petroleum Company, a corporation, for the years 1926 to 1931, inclusive."

Based upon these findings the trial court ordered the property listed and assessed for taxation.

The property owner brings the case to this court for review, urging, first: That the fuel line in question was covered by the gross production tax and is therefore not subject to ad valorem taxation; second, that certain former decisions previously rendered by the county treasurer are res adjudicata.

We shall treat the questions presented in the order stated.

The defendant is the owner of approximately 250 oil wells and 15 gas wells located on about 30 different leases situated in and around Oilton and Drumright. These wells have been producing oil and gas for years. The fuel line involved in this case is used in part to supply gas to power plants and engines used to pump the above-mentioned wells. The line is also used in part to carry away "wet gas" produced by the application of a vacuum to the different wells, and to equalize the gas supply and pressure between the different wells using the same for pressure. It is immediately apparent that the foregoing uses are directly associated with the production of oil and gas and, if they were exclusive, the fuel line would properly be classified as equipment actually used for the production of oil and gas in and around an oil and gas well. It would thus be excused from the payment of ad valorem tax by the provisions of the gross production tax law (sec. 12434, O. S. 1931). In re Assessment of Omitted Property of Prairie Oil & Gas Co., 159 Okla. 181, 13 P. (2d) 580; Board of Equalization of Carter Co. et al. v. Carter Oil Co., 152 Okla. 99, 3 P. (2d) 816.

But the use as above indicated was not exclusive. It appears that the fuel line was also used to distribute gas to consumers, many of whom were not employees of the property owner. A charge was made for the gas thus furnished. There is evidence in the record indicating that some 500 families were furnished with gas from the line.

The trial court found on the evidence submitted that the marketing of fuel was the principal use. This finding, though correct, does not support the judgment rendered. Where the same property is devoted to two uses, one of which, if exclusive, would render it taxable on an ad valorem basis, the other of which, if exclusive, would excuse it from that burden under the gross production law, and the different component parts of such property cannot be separately classified according to exclusive use, the value of such property must be allocated for taxation purposes in proportion to its use. See Shaffer Oil & Ref. Co. v. County Treasurer of Creek County et al., 175 Okla. 6, 52 P. (2d) 76. The rule stated is applicable here even though the case was not tried on that theory in the court below, since the question involved is one of public concern. Shaffer Oil & Ref. Co. v. County Treasurer of Creek County et al., supra.

The taxable status of this property having been erroneously decided on the basis of principal use, the cause must be reversed and remanded for a new trial, with directions to decide the issues in accord with the views herein expressed.

Since, in the further consideration of this matter, the additional contention presented by the property owner will be involved, we deem it incumbent upon us to discuss and dispose of the legal phase of that question. As we previously stated, the property owner urges that certain former decisions of the county treasurer in tax ferret proceedings against it are res adjudicata.

In support of its contention it introduced in evidence in the trial of this cause certain "journal entries" executed in connection with previous proceedings to list and assess omitted property. In connection with one of these journal entries the previous notice sent by the treasurer to the property owner was also submitted to the court, as was the statement furnished by the tax ferret to the county treasurer.

These instruments establish that previous to the institution of this action other proceedings were conducted before the county treasurer to list and assess alleged omitted personal property of the Magnolia Petroleum Company. They further disclose that in the previous proceedings some property was listed and assessed as omitted and that the county treasurer refused to assess other property. An examination of the property **specifically** described in these instruments fails to reveal any description which corresponds to the property concerned in this proceeding. We do find, however, general and broad reference to classes of property which might include the property now under consideration, and we also find language to the effect that the property then being considered constituted all of the omitted property belonging to this property owner. After a careful consideration of these instruments we are unable to decide whether the taxable status of the particular property involved in this case was considered by the county treasurer in the former cases. No attempt was made by either the taxing authorities or the property owner to supplement the instruments submitted by additional proof in order that the trial court might determine whether the fuel line now sought to be taxed was actually considered in the previous hearings.

In this character of case the county treasurer is vested by law with power to decide the taxable status of alleged omitted personal property. It is his duty to consider such property as is properly called to his attention and decide whether it has been listed and assessed for taxation. If he finds it has not been so listed and assessed, he must decide whether it should be subjected to the burdens of ad valorem taxation. In so acting he constitutes an inferior tribunal exercising statutory authority. Payne, Co. Treas., v. Speakman, Dist. Judge, 96 Okla. 170, 221 P. 9. A method of judicial review by appeal of his decision is provided by statute, and this method is exclusive unless he attempts to exceed his jurisdiction. Payne v. Speakman, supra. It necessarily follows that decisions rendered by the county treasurer within his jurisdiction and not appealed from are final and conclusive and determine the taxable status of property considered for the year or years involved in the former proceeding. See, in general, 34 C. J. pp. 519-20; 15 R. C. L. 474; 34 C. J. 516, and Champlin v. Oklahoma Tax Commission, 163 Okla. 185, 20 P. (2d) 904.

But the foregoing principles apply only to matters properly before the treasurer for

decision, and when his jurisdiction is invoked for the purpose of deciding whether certain property is "omitted taxable property," his power to decide the taxable status of property is limited to the property called to his attention. He has no jurisdiction or power to decide that the particular property then being considered constitutes all of the "omitted taxable property" of the taxpayer. He cannot decide that other property not then called to his attention is nontaxable or has been listed and assessed for taxation. To hold otherwise would defeat the very purpose of the omitted property act and confer upon the treasurer the power to decide a question which under the statute he has no jurisdiction to consider. Thus, in so far as the county treasurer in the tax proceedings instituted prior to the one involved in the case at bar attempted to decide that the property then being considered constituted the only property belonging to the Magnolia Petroleum Company which had not been listed and assessed, his decision was in excess of his jurisdiction and void.

It is also urged by the property owner that only one proceeding to assess omitted property can be instituted against any taxpayer and that all omitted property must be included in that proceeding. In support of this contention Louisville & N. R. Co. v. Commonwealth (Ky.) 204 S. W. 94, is cited. We decline to follow and apply the rule announced by the Kentucky court in that case. The Kentucky court proceeds upon the theory that, since all omitted property could be included in one proceeding, the proceeding should be deemed to settle, not only the taxable status of the property that was included, but also that which could have been included.

While in this state several items of omitted property may be included in one proceeding, we believe the better view is that each distinct item of property partakes of the nature of a separate cause of action.

Applying by analogy the rules in strictly judicial proceedings, it is correct to say that a judgment or decree on the merits rendered in a former action between the same parties upon the same cause of action by a court of competent jurisdiction is conclusive, not only as to matters determined, but also to matter which might or ought to have been litigated. Norton v. Kelley, 57 Okla. 222, 156 P. 1164; Dickson v. Mackey, 108 Okla. 11, 233 P. 423. This rule applies only to matters which might have been litigated in the same cause of action and does not destroy or conflict with rules connected with permissive joinder of causes of action. Thus, where the same plaintiff has several causes of action against the same defendant which he may join at his option, a suit upon one cause of action does not preclude a further recovery in a different suit upon another. Briggs v. Wright, 162 Okla. 183, 18 P. (2d) 530. In this case the fact that there may have been previous proceedings involving other items of omitted property does not prevent the maintenance of this proceeding.

In what we have said we do not mean to indicate that we are holding that the taxable status of the fuel line involved in this case was not determined in the former proceedings for the tax years therein involved. We are holding that under the present state of the record we are unable to determine that fact.

The burden of proving that the taxable status of this property was formerly determined is upon the party asserting such former determination, who, in this case, is the property owner. Howe et ux. v. Farmers & Merchants Bank, 129 Okla. 232, 264 P. 210. In order to determine the scope of the former decision and the subject-matter and issues therein, the pleadings filed and testimony introduced may be examined (Cressler v. Brown et al., 79 Okla. 170, 192 P. 417; Bruner et al. v. Bearden, 80 Okla. 154, 195 P. 117); and parol evidence may be used to explain an uncertainty (Adams et al. v. State ex rel. Mothersead, Bank Com'r, 133 Okla. 194, 271 P. 946), so long as it does not contradict the record. 15 R. C. L. p. 1050, par. 532.

If, on the subsequent trial of this case, it should be found that the taxable status of this property was determined in a former proceeding or that the same was listed and assessed for one or more of the years involved herein, the trial court is directed to treat the matters therein decided as binding upon the parties to this proceeding for the year or years involved in the former proceeding. Otherwise the trial court will proceed to determine the proper proportionate portion of the value of the property subject to ad valorem taxation in accord with its use for each of the tax years involved, beginning with 1926.

Cause reversed and remanded, with directions.

McNEILL, C. J., and RILEY, BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN V. C. J., and WELCH, J., dissent.