ADLEY EXPRESS COMPANY, INC. *v.* TOWN OF DARIEN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

502

■Argued February 8, reargued May 2—decided June 8, 1939.

*Arthur M. Comley,* for the appellant (plaintiff).

*Mark W. Norman,* with whom, on the brief, was *Francis K. Norman,* for the appellee (defendant).

JENNINGS, J.  The police commission of the defendant, pursuant to an ordinance, closed Noroton Avenue to through trucks.  The plaintiff sought to enjoin any enforcement of this ordinance which would not give to it a reasonable and practical route through the town.  On appeal from a judgment for the defendant, it pursues on its brief one exception to the finding.  It claims that under the circumstances the regulation is unconstitutional, is contrary to the laws of the state and is ultra vires as regards the police commission.  It claims further that the finding does not support the conclusion that the regulation was a reasonable exercise of the police power.

The finding as made, being supported by evidence, must stand.  It may be summarized, as far as is necessary to present the issue involved, as follows:  The

Boston Post Road passes through Darien. In the center of the town it makes use of an underpass beneath the railroad which has a clearance of eleven feet. Trucks with bodies or loads in excess of this height have used a short detour via West Avenue and Noroton Avenue. Pursuant to a petition from ninety-four residents of Noroton Avenue, the police commission made a survey of that street and of the through traffic thereon. West Avenue is not restricted. Noroton Avenue connects West Avenue with the Boston Post Road a short distance west of the underpass and is about four thousand feet long between these points.

On October 9, 1936, the town adopted an ordinance to the effect that no through trucks should use any town road on which the police commission should, after due investigation, forbid their use "to protect the public safety." On October 22, 1936, the police commission found that the use of Noroton Avenue (among other streets) constituted "a danger to the public welfare" and closed it to through truck traffic. The danger inherent in the use by through trucks of Noroton Avenue was known to and recognized by the plaintiff prior to the adoption of this resolution. Although the defendant kept a record of motor vehicle accidents, no evidence of such accidents on Noroton Avenue was offered by it. The plaintiff sends about forty through trucks through Darien every day and about a quarter of them cannot use the underpass. There is no approach to the Post Road available in Darien, west of the underpass, other than Noroton Avenue and since Stamford has closed the approaches to the Post Road leading from West Avenue, through trucks, unless they can use Noroton Avenue, must make a considerable detour to the north.

The relevant portions of General Statutes, § 390

and § 1635, are quoted in the footnote.[1] The police commission of Darien was established by a Special Act of 1925. 19 Special Laws, p. 645. It is, by that act, specifically authorized to make rules for the regulation of traffic not inconsistent with Chapters 334 and 400 of the Public Acts of 1921, as amended, or any ordinance or by-law of the town. Since the regulation in question was in furtherance of the town ordinance referred to, it only remains to consider whether it is contrary to the state statutes or unconstitutional.

The question of the applicability of General Statutes, § 1635, a part of Chapter 400 of the Public Acts of 1921, was not raised on the appeal. When our study of the case indicated that its interpretation was necessary to a decision, a reargument was ordered on this point. While ordinarily questions not raised at the trial will not be considered on appeal, an exception is made when a pertinent statute has been overlooked.

---

[1] "CHAPTER 24. TOWN BY-LAWS AND ORDINANCES. Sec. 390. TOWNS, CITIES AND BOROUGHS MAY ENACT. Any town, city or borough, in addition to such powers as it shall have under the provisions of the statutes or by any special act, shall have power by ordinance or by-law: . . . to make rules relating to the regulation of traffic . . ."

"Sec. 1635. ORDINANCES. No town, city or borough, nor any board or officer thereof, shall make any ordinance, by-law or resolution respecting the speed of motor vehicles, or respecting the regulation, use, lighting or other equipment of the same, or respecting the use of equipment or accessories upon motor vehicles; but any ordinance in force in any town, city or borough in respect to maintaining public service vehicles in a sanitary condition shall remain in force, and authority given to any town, city or borough, or to any board or officer thereof, to regulate shows, processions, assemblages, traffic or parades in streets and public places and to regulate the use of public parks, and ordinances, by-laws or regulations enacted in pursuance of such authority shall remain in force, and authorities of any town, city or borough shall have power to establish and enforce ordinances fixing traffic routes and public stands for public service motor vehicles and traffic rules for all vehicles."

*Cunningham* v. *Cunningham,* 72 Conn. 157, 160, 44 Atl. 41; *Stevens* v. *Neligon,* 116 Conn. 307, 311, 164 Atl. 661; *Boardman* v. *Burlingame,* 123 Conn. 646, 655, 197 Atl. 761.

Section 1635 originated as § 16 of Chapter 231 of the Public Acts of 1915, assumed the form repeated as § 27 of Chapter 333 of the Public Acts of 1917, and as § 1545 of the Revision of 1918 was amended to its present form by § 60 of Chapter 400 of the Public Acts of 1921. The principal difference between the statutes was that, in 1918, to the authority in the towns to regulate shows, processions, assemblages, and traffic there was attached the provision "which apply to all vehicles," while in the 1930 Revision this provision appears at the end of the section where power is given to make "traffic rules for all vehicles." In 1923 the statute concerning the power of towns, cities and boroughs to make ordinances was first amended to include the power "to make rules relating to the regulation of traffic, not inconsistent with the provisions of chapters 334 and 400 of the Public Acts of 1921 as amended." Public Acts, 1923, Chap. 284, § 1. This was carried over into the Revision of the General Statutes, § 390, but with the reference to the acts of 1921 omitted.

Reading these sections together in view of their history, we conclude that while the state delegated to its municipalities the power to make traffic rules applying to all vehicles alike, the special power to regulate motor vehicles was retained by the state with the specific exceptions noted in the statute, § 1635. No other reasonable interpretation can be placed on the phrase "no town . . . shall make any ordinance . . . respecting the speed of motor vehicles or respecting the regulation, use, lighting or equipment of the same."

The objection of the defendant that this interpretation makes General Statutes, § 1475, giving to the motor vehicle commissioner the same power over trunk line highways as local authorities have over local highways, meaningless, loses force in view of the provision of Chapter 25 of the Revision of 1930, relating to uniform traffic control, as amended, now § 105d to § 113d of the 1937 Supplement. By these sections, the respective powers of the state traffic commission and of the local authorities are defined. Thus, through ways may be established only with the approval of the state traffic commission, but local parking regulations are not dependent on its consent.

The remaining argument of the defendant confuses the regulation of traffic applying to all vehicles, which has been specifically given to the municipalities, with the special regulation of the use of motor vehicles reserved by § 1635 to the state.

It follows that the ordinance in question and the order of the police commission based thereon were contrary to the statute and that their enforcement should be permanently enjoined. There is no occasion to consider the other assignments of error.

There is error and the case is remanded for entry of judgment in accordance with this opinion.

In this opinion the other judges concurred.