[File No. 7125]

NORTHWESTERN SHEET & IRON WORKS, a corporation, Appellant, v. COUNTY OF SIOUX, a municipal corporation and political subdivision of the State of North Dakota, Respondent.

(36 NW2d 605)

452

Opinion filed March 22, 1949.   Rehearing denied April 13, 1949.

*Clifford Schneller,* for appellant.

*Sullivan, Fleck, Kelsch & Lord,* for respondent.

454

MORRIS, J. The plaintiff appeals from an adverse judgment rendered in the District Court of Sioux County. A jury was waived and the case tried to the court. The plaintiff now demands a trial de novo.

On August 17, 1943, the Board of County Commissioners of Sioux County at a special session unanimously adopted the following resolution,

"Moved by Hinton and seconded by Panko that the county advertise for bids for creosoted fabricated, wood, metal and concrete culverts and creosoted plank said bids to be opened Sept. 14, 1943 at 3 o'clock. The Board reserves the right to reject any and all bids and require the bidder to submit a check certified in the amount of $100.00 payable to the Chairman of the Board of County Commissioners, as a guarantee of the faithful performance of the contract in case he is the successful bidder."

The county auditor caused a notice, formulated in accordance with the foregoing resolution, to be published in the official news-

paper of Sioux County on August 26, September 2, and September 9 respectively. On September 14, 1943, the date set in the notice for opening the bids, the plaintiff filed a written bid with the Board of County Commissioners wherein it proposed to furnish the defendant certain Laminex creosoted structures and creosoted wood stave culverts which were specifically described therein at specified prices. The proposal was accompanied by the plaintiff's certified check for $100.00. The record discloses that when the bids were opened it was "moved by Panko and seconded by Hinton that the bids of the Northwestern Sheet and Iron Works of Wahpeton, North Dakota, for culverts and bridges be accepted." The total price of the items set forth was $9574.40.

In November 1943, all of the material described in the proposal was shipped to and delivered to Sioux County and was received and retained by it. At the time of shipment invoices were mailed to the county. Thereafter the county made three payments to the plaintiff totalling $7237.12, the last payment being October 18, 1944. This suit is brought to recover the balance of $2346.64, and interest from the date of delivery.

There is disagreement between the parties as to the nature of the action and the issues. The complaint sets forth the advertisement for bids by the county, the proposal of the plaintiff, and the acceptance thereof by the Board of County Commissioners. The acceptance of the material by the county and its use are also alleged. The price thereof is pleaded and it is then alleged, "That the said sum of Nine Thousand Five Hundred Seventy-four and 40/100 Dollars ($9,574.40) was the agreed and reasonable value of said culverts, and that said sum was in accordance with the price set forth in plaintiff's bid in response to the advertisements for bids published by Resolution of the Board of County Commissioners of the defendant, Sioux County."

The payments by the county are stated and demand for judgment is made for the balance due, and interest from date of delivery.

The defendant responded in an amended answer containing a qualified general denial and admitting the action of the Board

of County Commissioners heretofore described. A further affirmative defense in more detail is also pleaded, wherein the failure of the county commissioners to comply with certain statutory requirements is emphasized. It is also alleged that individual county commissioners signed orders for various amounts of material prior to the call for bids. The purpose of pleading these prior orders is to question the good faith of the county commissioners in ordering the subsequent defective advertisement for bids, and purchasing the material from the plaintiff.

Collusion between the plaintiff and the Board of County Commissioners which interfered with or prevented competitive bidding would vitiate the transaction, and the plaintiff as a party to the fraud would be in no position to recover either upon express or implied contract. It appears that each county commissioner signed an order for the material to be used in his commissioner's district. These orders were not contracts that were binding upon the county and unexplained might be subject to an inference of fraud or bad faith. The plaintiff however, explains the matter by pointing out that this was a war time transaction. The allocation of material such as the county sought to purchase was under the control of the War Production Board of the Federal Government. Counties had a priority rating and a certification was necessary before the factory could get material for processing the culverts. The orders in question were introduced in evidence and bear the following certification.

"The undersigned purchaser hereby represents to the seller and to the War Production Board that he is entitled to apply or extend the preference ratings indicated opposite the items shown on this purchase order and that such application or extension is in accordance with Priorities Regulation No. 3 as amended, with the terms of which the undersigned is familiar."

The orders so certified by the respective commissioners were used by the plaintiff for the purpose of obtaining the material which when processed was made the basis of the plaintiff's proposal. We deem this explanation satisfactory and one which frees the transaction from any inference of fraud or collusion for the purpose of interfering with or preventing competitive bidding.

The plaintiff filed a reply to the amended answer in which it alleged the acceptance and use of the material by the county and that the material was well worth and of the value of $9574.40 which was both the agreed and the market value thereof.

The plaintiff argues that its complaint and reply set forth a contract with Sioux County and also a cause of action for the reasonable value of goods accepted, retained and used by the county. The defendant's position is that the suit is one upon specific contract and that this contract is illegal and void for failure to comply with mandatory statutory procedure. It further takes the position that if the complaint be considered a sufficient pleading of an action in implied contract for reasonable value, the plaintiff is still not entitled to recover because the proceedings which culminated in the sale and delivery of the material to the county were in derogation of the statutory requirement that such property be purchased on competitive bids and the contract is therefore void as being against public policy. It is conceded that the purchase of the material here involved falls within the requirements of § 24–0504, Rev Code ND 1943, and must be advertised pursuant to the requirements of § 11–1126, Rev Code ND 1943, under which the advertisement for bids must be published at least once each week for four successive weeks, in the official newspaper of the county; the first publication to be at least thirty days prior to the day set for the opening of the bids. In this case the advertisement was for three weeks and the first publication was 17 days before the bids were opened.

The defendant also contends that Section 11–1128 requiring a certified check in a sum equal to five percent of the amount of the bid and Section 11–1129 requiring the bidder and the county to enter into a written contract signed by the chairman of the Board of County Commissioners are also applicable to this case. We do not agree with the defendant's contention with respect to these two sections. This transaction falls within the terms of Chapter 24–05, Rev Code ND 1943, dealing with the improvement of county roads. The two sections referred to have no application to matters dealt with in that chapter. Thus we consider the effect of the failure to advertise for bids in full compliance with the statute on the right of the plaintiff to recover in this action.

The complaint, in effect, intermingles two causes of action. One cause of action is based upon specific contract arising out of the advertisement for bids, the proposal of the plaintiff, and its acceptance by the resolution of the Board of County Commissioners. The other cause of action is in the nature of an implied contract for the recovery of the reasonable value of materials furnished and received, accepted, retained and used by it. These causes of action might properly have been separately pleaded in one complaint. The fact that they were intermingled is not fatal to the complaint or to either cause of action in the absence of challenge by a proper motion. Jones v. Grady, 62 ND 312, 243 NW 743. The defendant further asserts that there is no evidence of reasonable value and that regardless of the sufficiency of the pleading, no recovery of reasonable value can be had because of lack of proof. The record does show, however, that the plaintiff and the Board of County Commissioners agreed upon a purchase price. There is no intimation that the materials were not worth the price agreed upon. Presumptively that price is a reasonable one and in the absence of evidence to the contrary will be considered the reasonable value of the material. Pacific States Sav. & Loan Co. v. Painter, 37 Cal App2d 645, 99 P2d 1103; Milwaukee Bldg. Co. v. Wetzel, 93 Cal App 775, 270 P 382.

Questions have frequently come to the courts of last resort of this state and the territory that preceded it, involving the right of recovery for goods or services furnished to public subdivisions and municipal corporations that were furnished under contracts improperly executed or entered into in violation of statutory requirements. A review of some of these authorities will be helpful here. In National Tube-Works Co. v. Chamberlain, 5 Dak 54, 37 NW 761, the court made a generally prevalent distinction between contracts that were beyond the powers of the corporation to make and those that were within the general powers of the corporation, but were not made in accordance with statutory or charter requirements. This distinction appears in many subsequent cases. In Farmers and Merchants Nat. Bank v. School Dist., 6 Dak 255, 42 NW 767, it was held that a school district in an action against it on its war-

rants could defend on the ground that the warrants were issued in excess of its powers. McGuire v. Rapid City, 6 Dak 346, 43 NW 706, 5 LRA 752, was an action brought to recover a balance alleged to be due from the city for labor and expenses performed and incurred in changing the channel of Rapid Creek. No ordinance had been passed providing for the contract. The court said:

"If the defendant had power to make the contract, it cannot shield itself behind such a defense, and retain the benefits of the contract without tendering at least a reasonable compensation for the benefits received. The distinction is a broad one between a want of power and an irregular exercise of power."

In Goose River Bank v. Willow Lake School Twp., 1 ND 26, 44 NW 1002, 26 Am St Rep 605, it was held that where a contract is expressly prohibited or declared void by statute one rendering services pursuant to such a contract cannot recover from a municipality either under the contract or on quantum meruit. This case is cited and followed, in principle, in Capital Bank of St. Paul v. School Dist., 1 ND 479, 48 NW 363.

In State ex rel. Diebold Safe & Lock Co. v. Getchell, 3 ND 243, 55 NW 585, the plaintiff sought a writ of mandamus to compel the county auditor of Eddy County to certify and attest a warrant ordered to be drawn by the Board of County Commissioners in payment for jail cells and a corridor that had been furnished to the county. The contract for the purchase of this material was held to be void because the question of making the expenditure was never submitted to a vote of the people of the county as required by statute. It was further held that the illegal contract could not be ratified by the Board of County Commissioners because the board lacked power in the first instance to make such contract, that power being vested in the people. It was pointed out that this was not a case where there had been some irregularity in the exercise of power vested in the board. In Bayne v. Thorson, 37 ND 187, 163 NW 822, the Board of County Commissioners entered into a contract for the construction of a bridge without attempting to comply with the statute which required them to obtain plans and specifications for the proposed bridge and to advertise for sealed bids thereon. At

the beginning of the opinion the court states that the action is upon contract for non-payment and not for the reasonable worth of materials and labor. This contract was held to be illegal and void and no recovery could be had thereunder. St. Paul Foundry Co. v. Burnstad School Dist., 67 ND 61, 269 NW 738, is cited and relied upon by the defendant county. The school board had purchased from plaintiff certain materials used in the construction of a gymnasium without advertising for bids. A warrant was issued for payment of the materials so purchased. Later the payment of the warrant was refused and the plaintiff brought suit thereon. This court pointed out that the question was not as to whether the plaintiff could recover the property or the reasonable value thereof, and that the suit was on a warrant which created no greater liability than the debt it represented. The debt being based on contract and the contract having been made without compliance with a statute requiring advertisement for bids recovery on the warrant was denied. These cases lead us to the conclusion that contracts for the sale of goods or material to a public corporation based upon procedures which contain major violations of mandatory statutes providing for competitive bidding are unenforceable in strictly legal actions.

A public corporation may not escape liability for the reasonable value of goods obtained and retained by it through transactions coming within the general powers of the corporation and the contracting corporate board, which are procedurally defective without paying the reasonable value thereof when equity and good conscience require payment.

Backhaus v. Lee, 49 ND 821, 194 NW 887, was a suit by taxpayers to enjoin the county commissioners from paying for culverts and bridges purchased through transactions involving defects in procedure which included the failure to advertise for bids for the length of time required by the statute. The statute required publication for a period of thirty days, but the commissioners failed to advertise for bids for a longer period than fifteen days. The court points out that the material was furnished in good faith, that it was necessary, and that the county received full value. It then reached the conclusion that the equi-

table powers of the court could not be invoked to aid the accomplishment of a purpose manifestly inequitable and denied the injunction.

In Ogren v. Crystal Springs School Dist., 52 ND 455, 203 NW 324, it is said in paragraph 1 of the syllabus:

"An action for money had and received may be maintained whenever one person has received or has in his possession money of another which he is not in equity and good conscience entitled to retain, and this rule applies as well to municipal corporations, where not contrary to express statute or the policy of the law, as to private corporations or to individuals."

Where an authorization from the electors of the municipal corporation is a condition precedent to a transaction entered into by the governing board for the procurement of property a contract entered into by the board in violation of such statute is absolutely void and no recovery can be had either upon the contract or for the reasonable value of goods or material furnished through such a transaction. Henderson v. Long Creek School Dist., 41 ND 640, 171 NW 825. Caterpillar Tractor Co. v. Detman Twp., 62 ND 465, 244 NW 876. It further appears upon the authority of these cases as well as State ex rel. Diebold Safe & Lock Co. v. Getchell, 3 ND 243, 55 NW 585, that the governing board cannot ratify such contract. This can only be done by a vote of the electors themselves. In this case there is no contention that approval by the voters was a condition precedent to the right of the county commissioners to purchase material in question.

The county contends that Backhaus v. Lee, 49 ND 821, 194 NW 887, supra, was an action in equity and Ogren v. Crystal Springs School Dist., 52 ND 455, 203 NW 324, supra, was an action for money had and received, and are not authority in this case which is an action upon contract and therefore a legal action. But as we have pointed out, the complaint intermingles and pleads two causes of action; one upon specific contract and the other upon implied contract for the reasonable value of the material. The former is strictly a legal action, but the latter, while legal in form rests on the equitable principle. 17 CJS, Contracts, § 6; Ford v. Independent School Dist., 223

Iowa 795, 273 NW 870; Dunnebacke Co. v. Pittman, 216 Wis 305, 257 NW 30.

The defendant strongly presses the point that mandatory statutes requiring competitive bidding go to the question of power of the municipal corporation and its governing board. Therefore, it is argued that failure to comply with the statute renders the contract absolutely void and that the public interest requires that no recovery can be had either upon express or implied contract. It is further pointed out that those dealing with municipal and public corporations are charged with knowledge of the legal limitations on the powers of such corporations and their governing bodies, and cannot obtain relief upon equitable grounds in transactions exceeding those limitations. There is ample authority supporting the general principles thus advanced by the defendant where the statute has been ignored and no attempt made to comply with the requirement of competitive bidding. Note, 17 LRA NS 1117; Johnson County Sav. Bank v. Creston, 212 Iowa 929, 231 NW 705, 237 NW 507, 84 ALR 926, and note. Hailey v. King County, 21 Wash2d 53, 149 P2d 823, 154 ALR 351, and note. United States Rubber Products Inc. v. Batesburg, 183 SC 49, 190 SE 120, 110 ALR 144, and note. 43 Am Jur, Public Works and Contracts, §§ 34 and 95. St. Paul Foundry Co. v. Burnstad School Dist., 67 ND 61, 269 NW 738 is in accord with these authorities. In that case there was no attempt to comply with the statute requiring advertisement for bids. This omission we held rendered the contract invalid and unenforceable and no recovery could be had upon a warrant issued in payment for goods purchased in violation of the statute. But in that action we stated that we express no opinion as to whether an action to recover the property or the reasonable value would lie.

The defendant cites Bechthold v. Wauwatosa, 228 Wis 544, 280 NW 320, in which taxpayers sought an injunction against the city to prevent the payment of public funds upon a void paving contract. The contract was held void for failure to advertise for proposals for the length of time required by the statute. In holding that the taxpayers were entitled to the injunction the court also stated that the question of whether the defendant

would be entitled to recover the benefits which the city had received on the theory of unjust enrichment, was not litigated and not considered by the court. It then said that:

"If such right exists it will not be foreclosed by a decree in this case enjoining the defendant city from paying out public funds upon a void contract. In that form of action such rights and equities as the contractor has can be worked out and determined."

We now turn to Backhaus v. Lee, 49 ND 821, 194 NW 887, wherein this court refused in a taxpayer's suit, to enjoin the county commissioners from paying for culverts and bridges purchased upon contracts made after defective advertisement for bids. The facts in that case closely parallel those now before us. The chief defect in the advertisement was substantially the same as the one in this action, yet this court refused to enjoin payment upon equitable grounds. If it be unjust and inequitable to enjoin payment in Backhaus v. Lee, it is equally unjust and inequitable that recovery in this case be denied.

We reach the conclusion that the Board of County Commissioners made a substantial and good faith attempt to comply with the statute requiring advertisement for bids, that the purchase of materials was within the general powers of the board, and that these materials were received by the county and used in furtherance of a lawful purpose. It is not claimed that the goods were not worth the amount the board agreed to pay therefor. Equity and good conscience require that the county pay the reasonable value of the goods that it received. The plaintiff is, therefore, entitled to recover the unpaid balance of that amount with interest as prayed for in the complaint. The judgment is reversed and the trial court is directed to enter judgment in accordance with this opinion.

NUESSLE, Ch. J., and BURKE and CHRISTIANSON, JJ., and GRONNA, District J., concur.

BURR, J., did not participate.